## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CYNTHIA CORONADO, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:18-cv-01990 |
| | : | |
| SEQUENTIAL TECHNOLOGIES | : | |
| INTERNATIONAL (STI), LLC and | : | |
| COWORX STAFFING SERVICES, LLC, | : | |
| Defendants. | : | |
| | : | |

# O P I N I O N[1]

## I.    Background – Findings of Fact

1.    On May 11, 2018, Plaintiff filed this action against Defendants, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, et seq., for sex discrimination and hostile work environment; Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, including the "Reasonable Break Time for Nursing Mothers' Law"; and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 260.1-260.45. ECF No. 1 ("Compl.").

2.    In her Complaint, Plaintiff alleged the Defendants violated her Title VII, FLSA, and PWPCL rights by interfering with her ability as a mother of an infant to take lactation breaks at work by verbally harassing her and illegally deducting her pay as well as engaging in similar related illegal conduct. Compl. ¶ 1.

3.    Plaintiff is an employee of CoWorx, a staffing agency. CoWorx placed Plaintiff at STI's Bethlehem call center as a Direct Sales Associate. Plaintiff worked full-time at the call center and her last hourly wage rate was $14.35. *Id.*

4.    In or around January 2017, Plaintiff returned to work after a maternity leave. Compl. ¶ 14. Upon her return, she spoke with her manager, Ms. Veronica Long, about her need to pump breast milk. *Id.* The outcome of this discussion was that Plaintiff's managers approved lactation breaks for Plaintiff, allowing her to pump breast milk every two hours. *Id.*

5.    In her Complaint, Plaintiff alleged that beginning in late January 2017, Plaintiff experienced verbal harassment from her call center supervisors with respect to her taking lactation breaks. Compl. ¶ 15.

---

[1]    The *Background – Findings of Fact* and *Conclusions of Law* sections are taken substantially from the Parties' Proposed Joint Findings of Fact and Conclusions of Law. *See* ECF No. 21.

6.     In her Complaint, Plaintiff further alleged that her managers at the call center told her that she could only take two twenty-minute breaks for lactation and, for any time beyond twenty minutes, she would have to clock out, thereby losing pay to which she was entitled. Compl. ¶ 18.

7.     Plaintiff alleged in her Complaint that Defendants regularly engaged in a continuing course of conduct which discriminated against Plaintiff as a lactating woman by (a) preventing her from taking her lactation breaks; (b) allowing supervisors to verbally harass her for taking lactation breaks; (c) refusing to pay her for lactation breaks when they lasted more than twenty minutes; and, (d) in general, frustrating her ability to engage in lactation breaks. Compl. ¶ 24. Moreover, Plaintiff alleged that this continuing course of harassment and discrimination on the part of the Defendants continued without remedy or resolution; and, eventually, after enduring the harassment, reduced pay, and related retaliation for months, the circumstances she faced in the workplace forced Plaintiff to abandon her efforts to pump breast milk. Id. at ¶ 26.

8.     On July 16, 2018, Defendant CoWorx Staffing Services, LLC, filed its Answer denying the allegations in Plaintiff's Complaint. ECF No. 6. On July 18, 2018, Defendant Sequential Technologies International (STI), LLC, filed its Answer denying the allegations in Plaintiff's Complaint. ECF No. 8.

9.     Regarding Plaintiff's FLSA allegations, after Plaintiff filed this litigation, Defendants engaged with Plaintiff about her factual allegations. After investigating Plaintiff's allegations, Defendants determined that the "clocking out" Plaintiff was required to complete before taking her lactation breaks was not tied to its timekeeping and payroll system; rather, she merely "clocked out" out of a software program designed to track productivity.

10.     The timekeeping and payroll system are wholly separate applications. Defendants determined that Plaintiff was not required to "clock out" on the payroll application during her breaks. As a result, Plaintiff was not docked for time spent taking lactation breaks.

11.     Upon further investigation, Plaintiff contends that she was improperly clocked out of the payroll system for lactation breaks on approximately five occasions for a total time of approximately one hour; however, she acknowledges that once she filed her litigation, Defendants did not "clock out" her of the out of the time system for lactation breaks any further and therefore her docked wages did not exceed an amount equivalent to approximately one hour of work.

12.     To the extent Plaintiff suffered any damages under the FLSA, they would be *de minimus*.

13.     However, Plaintiff's Complaint contains additional claims beyond the alleged FLSA violations. Due to the expense of litigation, the parties sought to resolve this entire matter through a settlement. The counsel for the parties conducted arms-length settlement negotiations during the months of May 2018 through August 2018, reaching an agreement on or about August 21, 2018. ECF No. 15.

14.     In general terms, the Settlement Agreement provides for compensation for both wage loss due to the *de minimus* FLSA damages as well as non-wage loss damages, such as emotional distress, in connection with the alleged workplace harassment and involuntarily accelerated abandonment of Plaintiff's period of lactation.

## II.    Conclusions of Law

15.    To safeguard employee rights, "a majority of courts have held that *bona fide* FLSA disputes may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in an FLSA lawsuit." *Bettger v. Crossmark, Inc.*, Civ. No. 13-cv-2030, 2015 WL 279754, *3 (M.D. Pa. Jan. 22, 2015) (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

16.    While the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA suits for unpaid wages without court approval, "district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary." *Confair v. Charles P. & Margaret E. Polk Found.*, No. 1:17-CV-0674, 2018 WL 2095684, at *1 (M.D. Pa. May 7, 2018) (collecting cases) (internal quotations omitted). Following the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Department of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982), a proposed settlement agreement may satisfy judicial review if it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." A settlement agreement resolves a *bona fide* dispute if its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Id.*

17.    If the court is satisfied that the settlement agreement resolves a *bona fide* dispute, the court then determines whether the agreement is fair and reasonable to the plaintiff, and whether the settlement furthers or "impermissibly frustrates" the implementation of the FLSA. *Bettger*, 2015 WL 279754 at *4 (citing *Altenbach v. Lube Ctr.*, Civ. No. 08-cv-2178, 2013 WL 74251 (M.D. Pa. Jan. 4, 2013)).

18.    First, the agreement resolves a *bona fide* dispute between the parties. Plaintiff's Complaint alleges that she was not paid for all the hours she worked and was retaliated against when she complained about her employer's violations. Both Defendants filed an Answer denying Plaintiff's claims. The settlement resolves a *bona fide* dispute between the parties.

19.    Second, the terms of the settlement agreement are fair and reasonable to Plaintiff. Plaintiff has been represented by counsel throughout this case, sought the advice of counsel before she entered the agreement, and voluntarily chose to accept the terms of the settlement. The agreement is fair with regard to Plaintiff's claim for unpaid wages, especially in light of the finding in subsequent investigation and discovery that the unpaid wages likely represent less than one hour of work.

20.    Lastly, the Court must consider whether the settlement furthers or frustrates the implementation of the FLSA in the workplace. Further investigation and discovery plausibly indicate damages from the FLSA violations are *de minimus*. As the FLSA damages in this case could be reasonably said to amount to one hour of Plaintiff's wages, the weight of this factor in evaluating the settlement should be measured against the extraordinarily limited amount in controversy. Moreover, the terms of the settlement, including the release, are reasonable and equitable. In light of this, the settlement furthers the implementation of FLSA in the workplace.

21.    In addition, this settlement resolves other claims, namely, Plaintiff's Title VII claims. "There is a presumption in favor of voluntary settlement of Title VII litigation." *Com v. O'Neill*, 100 F.R.D. 354, 356 (E.D. Pa. 1983). Given that any damages Plaintiff may have sustained under the FLSA are *de minimus*, and the parties wish to voluntarily resolve Plaintiff's Title VII claims, settlement under both statutes is proper.

22.     This settlement agreement represents a fair and reasonable resolution because it resolves a *bona fide* dispute with terms reflecting a reasonable compromise over issues, such as unpaid wages, that were actually in dispute.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

October 16, 2018